# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-1941, 24-2455

**Motion for:** enlargement of time to perfect appeal

**Caption [use short title]**

Bahl v. New York Institute of Technology

Set forth below precise, complete statement of relief sought:

Plaintiff-Appellant requests an additional 60 days to perfect the appeal, until January 28, 2025.

**MOVING PARTY:** Plaintiff-Appellant Ajay Bahl  
**OPPOSING PARTY:** Defendant-Respondent NYIT

[X] Plaintiff  [ ] Defendant  
[X] Appellant/Petitioner  [ ] Appellee/Respondent

**MOVING ATTORNEY:** Stephen Bergstein, Esq  
**OPPOSING ATTORNEY:** Stefanie R. Toren, Douglas P. Catalano

[name of attorney, with firm, address, phone number and e-mail]

Bergstein & Ullrich  
5 Paradies Lane, New Paltz, NY 12561  
(845) 469-1277 steve@tbulaw.com

Clifton Budd & DeMaria, LLP  
350 Fifth Avenue, 61st Floor New York, NY 10118  
(212) 687-3285 srtoren@cbdm.com

**Court- Judge/ Agency appealed from:** EDNY Judge Chin

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):  
[X] Yes  [ ] No (explain):

Opposing counsel's position on motion:  
[ ] Unopposed  [X] Opposed  [ ] Don't Know  
Does opposing counsel intend to file a response:  
[ ] Yes  [ ] No  [X] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**  
Has this request for relief been made below?  [ ] Yes  [ ] No  
Has this relief been previously sought in this court?  [ ] Yes  [ ] No

Requested return date and explanation of emergency:

Is the oral argument on motion requested?  [ ] Yes  [X] No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  [ ] Yes  [X] No If yes, enter date:

**Signature of Moving Attorney:** [signature]  
**Date:** 11/18/2024  **Service:** [X] Electronic  [ ] Other [Attach proof of service]

Form T-1080 (rev. 10-23)

United States Court of Appeals
for the Second Circuit
------------------------------------------------------X
Ajay Bahl,

                Plaintiff-Appellant,

-vs-                                                Dkt Nos. 24-1941, 24-2455

New York Institute of Technology,

                Defendant-Appellee.
------------------------------------------------------X

## Affirmation in Support of Motion for
## Enlargement of Time to Perfect Appeal

Stephen Bergstein, Esq., having been duly sworn, deposes and states:

1. I am counsel for Plaintiff-Appellant. I am submitting this affirmation in support of Appellant's motion for an enlargement of time to perfect the appeal. The current deadline is November 27, 2024. The requested deadline is January 28, 2025.

2. I am requesting an enlargement of time for the following reasons:

3. Plaintiff appeals from a jury verdict in Defendant's favor on his claim alleging that Defendant denied him a reasonable accommodation under the disability discrimination laws. The appellate record is quite large, exceeding 1800 pages, encompassing the trial transcript and dozens of trial exhibits. Digesting this

material is time-consuming, and Appellant contemplates numerous issues for appellate review, including his entitlement to liability and various arguments in support of a new trial. Demonstrating the complexity of the issues on this appeal, the trial court's post-trial order denying Appellant's motion for post-trial relief is 47 pages.

    4. While substantial progress has been made on the brief, I do not anticipate completing the brief by November 27, 2024 as the issues are complex both factually and legally, and I am drafting the brief in consultation with the Plaintiff-Appellant, who has a strong working knowledge of the case, which was filed in 2014. Appellant's personal review of the brief and record is particularly time-consuming as his disabilities -- laid out at trial -- include ADHD and a reading disorder. Plaintiff's disabilities affect concentration and comprehension speed. Reviewing complex documents takes considerably longer, as these conditions impact both focus and retention of detail. With such a comprehensive record, cross-referencing facts and prior evidence requires additional time, particularly for someone needing to take extra care due to processing challenges. Also, certain case details may be emotionally distressing for Plaintiff, adding to the time needed to revisit, process, and provide clear feedback on traumatic elements. Given Plaintiff's disabilities, it takes more time for him to provide focused feedback, requiring the attorney to allow a flexible schedule for client reviews and multiple rounds of

input. Plaintiff's health issues further necessitate periodic breaks and a non-standard pace of reviewing the material, further adding to the time needed for him to review the brief and record. Put another way, I am asking this Court to accommodate Plaintiff's disabilities.

5. My litigation schedule also necessitates additional time. The 60 extra days are necessitated by the following: I have a reply brief due in *Parker v. Israel Discount Bank*, 2d Circuit Dkt No. 24-68, on December 5, 2024. I also have an appeal perfection date of December 2, 2024 in *Ferguson v. City of New York*, 2d Circuit Dkt No. 23-1314. I have an appeal perfection date of December 5, 2024 in *Goss v. Mojo Fashions*, 655666/2019. Following that I have an appeal deadline of December 11, 2024 in *DiLeo v. McDonough*, 2d Circuit Dkt No. 24-2253. And on January 6, 2024, I have two perfection deadlines in this Court: *Arnold v. Town of Camillus*, 2d Circuit Dkt No. 24-2256, and in *Smith v. County of Nassau*, 2d Circuit Dkt No. 24-2569. On January 15, 2025, I have a perfection deadline in *Boliak v. Reilly*, First Dept. Index No. 24-04856.

6. Defendant advises that it does not consent to this extension request beyond a one-week enlargement of time.

Dated: November 18, 2024

/s/ Stephen Bergstein
Stephen Bergstein